IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DAVID GUZMAN AND §
SANDRA GUZMAN §
   Plaintiffs §
§
VS. §   C.A. NO.   5:18-cv-01087
§
THE BANK OF NEW YORK §
MELLON F/K/A THE BANK OF §
NEW YORK, AS TRUSTEE FOR §
THE CERTIFICATEHOLDERS OF §
THE CWABS, INC., ASSET-BACKED §
CERTIFICATES, SERIES 20016-11 §
SELECT PORTFOLIO SERVICING, §
INC. §
   Defendants §

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 20016-11 ("**Trustee**") and Select Portfolio Servicing, Inc. ("**SPS**") (both are collectively referred to herein as "**Defendants**") hereby remove this case from the 225th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. Defendants deny the claims and damages alleged in Plaintiffs' Original Petition and file this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

## I.    INTRODUCTION

1.    On or about October 1, 2018, Plaintiffs, David Guzman and Sandra Guzman (collectively referred to herein as "**Plaintiffs**") commenced this action by filing Plaintiffs' Original Petition with a request for Temporary and Permanent Injunction (the "**Complaint**"), Cause No. 2018CI18893; in the 225th District Court of Bexar County, Texas (the "**State Court**

Action").[1]  The State Court Action was filed for purposes of delaying a foreclosure sale on real property that serves as collateral for a first lien Loan.[2]  Upon information, Plaintiffs have or are attempting to obtain an ex parte temporary restraining order in the State Court Action without notice to Defendants.  This is the third time Plaintiffs and their counsel have engaged in this questionable tactic and at least the third time they have filed a lawsuit against Defendants that lacks merit. Their practice is to take an ex parte TRO in state court without notifying the undersigned, with full knowledge of the undersigned representation of the Defendants, each time a foreclosure sale is noticed.  In apparent recognition that their claims are frivolous, Plaintiffs then non-suit their claims before the undersigned can respond.

2.     Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading.[3]

## II.     PLEADINGS AND NOTICE TO STATE COURT

3.     True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III.     BASIS FOR REMOVAL

4.     This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction.  Furthermore, venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

---

[1]   See Exhibit C-1.
[2]   See Complaint.
[3]   *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

2

## IV.  DIVERSITY JURISDICTION

### A.  Citizenship of the Parties.

5.      This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas.[4]

6.      Defendant Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[5]

7.      The Bank of New York Mellon is a Delaware corporation with its principal place of business in New York, New York.   A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[6]  Accordingly, The Bank of New York Mellon and Trustee were at the time of the commencement of this action, and are at the present time, citizens of both the state of Delaware and New York.

8.      Defendant, SPS is a Utah Corporation and is not a citizen of Texas for diversity purposes.[7]  A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[8] SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah.  SPS is not incorporated in Texas, nor is its principal place of business located in Texas.  Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

9.      Specialized Loan Servicing, LLC ("**SLS**") is referenced by Plaintiffs in the Complaint but is not listed in the style of the case and is not referenced in terms of any attempted

---

[4]    See Complaint.
[5]    See *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).
[6]    28 U.S.C.A. § 1332(c)(1) (West).
[7]    SPS was named as a defendant in the style of the Complaint.  However, Plaintiffs failed to reference SPS in the body of the Complaint or when discussing and name the parties to the Complaint.
[8]    28 U.S.C.A. § 1332(c)(1).

cause of action.  To the extent Plaintiffs are deemed to have included SLS as a Defendant it is a limited liability company.[9]  The citizenship of an LLC is determined by the citizenship of its members.[10]  SLS is a Delaware limited liability company, and thus is a citizen of every state of which its owners are citizens.[11]  SLS is wholly owned by its parent company, Specialized Loan Servicing Holdings LLC ("**SLS Holdings**"), which in turn is a wholly-owned subsidiary of Computershare Limited, an Australian corporation with its principal place of business in Australia.  Accordingly, SLS is a citizen of Australia.  No known service has been accomplished as to SLS, therefore its consent is not required for removal.

10.     Because Plaintiffs are citizens of Texas and Defendants are citizens of states other than Texas, there is complete diversity of citizenship among the parties.[12]

**B.     Amount in Controversy.**

11.     This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[13]  Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[14]

12.     When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[15]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence

---

[9]     SLS was not named in the style of the Complaint, but was named in the body of the Complaint.
[10]    *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–1080 (5th Cir. 2008).
[11]    *Id.*
[12]    *See* 28 U.S.C.A. § 332(c)(1) (West).
[13]    *See* 28 U.S.C.A. § 1441(a).
[14]    *See* 28 U.S.C.A. § 1332(a).
[15]    *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

4

that the amount in controversy requirement is satisfied.[16]   The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[17]

13.     In this instance, Plaintiffs' Complaint makes it apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seek to stop Trustee from foreclosing on property located at 301 W. Dickson Ave., San Antonio, Texas 78214 (the "**Property**").[18]   The value of the Property exceeds $75,000.00.  See Exhibit D.

14.     The value of the Property according to the Bexar County Appraisal District is no less than $116,580 for the tax year of 2018.[19]

15.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[20]   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[21]   Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and the right to foreclose on the Property.

16.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[22]   "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected

---

[16]   *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).

[17]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[18]   See Complaint Generally.

[19]   See Exhibit D.

[20]   *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).

[21]   *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).

[22]   *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).

or the extent of the injury to be prevented."[23]   Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[24]   The value of the subject property in this instance for diversity purposes is no less than $116,580 per the records of the Bexar County Appraisal District for 2018.[25]   The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## V.   **JURY DEMAND**

17.     Plaintiffs have made no known jury demand in the State Court Action.

## VI.     **CONCLUSION**

18.     For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court, Western District of Texas, San Antonio Division.

---

[23]     *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[24]     *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).
[25]     See Exhibit D.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    Texas Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Telephone 713-220-9182
    Facsimile 713-223-9319
    E-mail: mhord@hirschwest.com
    Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2018, a true and correct copy of Defendants' Notice of Removal was forwarded as follows:

Edward P. Cano
201 W. Poplar St.
San Antonio, TX 78212
**Via E-Mail and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

999999.190/3142836.1